bauer could not explain the reason for entering the item in question at the invoice value when it was obvious that the market had advanced, except on the ground that it was probably an oversight on the part of his company and on the part of the customs broker who handles their account.

The court has examined the invoice in question and finds that these items were on the same invoice. It was conceded by the Government that they were on the same page of the same invoice with the same description and invoice number. In view of these facts and of the concessions, it cannot be said that the petitioner attempted to conceal the dutiable value of this item from the customs officials. On the contrary, the record indicates that the entry at the lower price was due to carelessness or inadvertence.

In the case of *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301, T. D. 41220, in speaking of satisfactory evidence in this class of cases, the court used the following language:

* * * Such facts may be proved by the circumstances and conditions attending the entry of the merchandise at a value less than that returned upon final appraisement, including direct testimony of the intention of the petitioner. Such direct testimony of intention is of no great probative force, however, unless the circumstances attending the act are of doubtful or double significance.* * *

In the case of *Fish* v. *United States*, 12 Ct. Cust. Appls. 307, T. D. 40315, the court said:

* * * The witnesses with whom the importer must make this showing are before the board and on questions of intent to defraud and deceive, the appearance of the witness, his conduct and manner of giving evidence must necessarily be given great weight by the board in determining the honesty and sincerity of the importer. * * *

The writer of this opinion had the benefit of observing the witnesses and found no reason to doubt the statements of those responsible for making entry in this case when they testified that they acted in good faith.

It is the opinion of the court and we so hold, that the petition should be and the same is hereby granted.

---

MARCH 10, 1947

**No. 51601.**—Suit 4545.—

—*United States* v. *W. F. Mackay*. C. D. 986 affirmed January 7, 1947. C. A. D. 355.

BEFORE THE FIRST DIVISION, MARCH 12, 1947

**No. 51602.**—Protests 70350–K, etc., of L. Heller & Son, Inc. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise consists of beads similar in all material respects to those the subject of *Eitinger Bead Co., Inc.* v. *United States* (17 Cust. Ct. 56, C. D. 1020), and *Eitinger Bead Co.* v. *United States* (13 Cust. Ct. 50, C. D. 867). In accordance therewith the claim at 35 percent under paragraph 1503 was sustained.

**No. 51603.**—Protests 83350–K, etc., of Frankel Importing Co. et al. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise consists of beads similar in all material respects to those the subject of *Eitinger Bead Co., Inc.* v. *United States* (17 Cust. Ct. 56, C. D. 1020), and *Eitinger Bead Co.* v. *United States* (13 Cust. Ct. 50, C. D. 867). In accordance therewith the claim at 35 percent under paragraph 1503, or at 20 percent under the same paragraph, as modified by T. D. 49458, was sustained.

No. 51604.—Protests 77546–K, etc., of Coty, Inc., et al. (New York).

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 51605.—Protests 101825–K, etc., of Fujimoto Co. et al. (San Francisco).

Opinion by COLE, J. The undisputed facts established that the dried, unsalted fish is the same as that passed upon in Abstract 50242, and that the pickled onions are the same in all material respects as those involved in *Mutual Supply Co.* v. *United States* (12 Cust. Ct. 136, C. D. 842). In accordance therewith the claims of the plaintiffs were sustained.

No. 51606.—Protests 127032–K, etc., of Keystone Trading Co. et al. (New York).

Opinion by COLE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION MARCH 12, 1947

No. 51607.—Protest 71904–K of American Straw Goods Co. (New York).

Opinion by TILSON, J. At the trial it was established that the hats are the same as those involved in *Caradine Hat Co.* v. *United States* (9 Cust. Ct. 69, C. D. 664). In accordance therewith and following the authority cited the hats imported and withdrawn for consumption prior to the effective date of T. D. 48075 were held dutiable at 25 percent under paragraph 1504 (b) (5), and those imported or withdrawn for consumption subsequent to that date were held dutiable at 12½ percent under said paragraph.