BEFORE THE FIRST DIVISION, JUNE 25, 1947

**No. 51802.**—Coro, Inc., et al. *v.* United States, protests 130642–K, etc. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise consists of alabaster beads the same as those the subject of *Eitinger Bead Co.* v. *United States* (17 Cust. Ct. 56, C. D. 1020). The claim at 35 percent under paragraph 1503 was therefore sustained.

**No. 51803.**—Saji Trading Co., Ltd. *v.* United States, protests 75497–K, etc. (Los Angeles).

Opinion by MOLLISON, J. When the case was called for trial it developed that no sample of the merchandise was available. The examiner who passed most of the merchandise in question was unable to give a description of the articles for the reason that he had no personal recollection of the merchandise covered by the entries at bar. An attempt was made to establish that a change in administrative practice had taken place with respect to merchandise such as that in issue, but the witness was unable to substantiate this. On the record presented the protests were overruled.

**No. 51804.**—John Gorvers & Co. *v.* United States, protest 130468–K (New York).

Opinion by MOLLISON, J. It was stipulated that the merchandise consists of hide cuttings, known as dry limed cattle hide splits, used wholly for gelatin and glue stock, and that said merchandise is not suitable for use, and is not commercially used, in the manufacture of leather. Relying upon the stipulation as establishing these facts, the claim for free entry under paragraph 1689 was therefore sustained.