**No. 52015.**—Best & Co., Inc., et al. *v.* United States, protests 57445–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52016.**—William J. Oberle, Inc. *v.* United States, protest 114422–K/12705 (New Orleans).

Opinion by JOHNSON, J. At the trial it was stipulated that duty was assessed on case number 7764 and that it has since been verified that said merchandise was not imported. In accordance with stipulation and following *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) the court sustained the protest and directed the collector to make refund of duties taken upon the merchandise in case number 7764.

**No. 52017.**—B. Derounian et al. *v.* United States, protests 597507–G, etc. (New York).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, NOVEMBER 13, 1947

**No. 52018.**—Paramount Import Co., Inc. *v.* United States, protest 131844–K (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise consists of alabaster glass beads similar in all material respects to those the subject of *Ettinger Bead Co., Inc.* v. *United States* (17 Cust. Ct. 56, C. D. 1020). In accordance therewith the claim at 35 percent under paragraph 1503 was sustained.